AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| International Insurance Company ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 00cv6703 |
| Caja Nacional De Ahorro Y Seguro ) | |
| *Defendant* ) | |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   07/05/2001   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:   05/12/2017

CLERK OF COURT

*Yulonda Thomas*
*Signature of Clerk or Deputy Clerk*

CERTIFIED COPY (Rev. 7/2013)

# United States District Court
### Northern District of Illinois
### Eastern Division

I, Thomas G. Bruton, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed documents(s) is (are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

**IN TESTIMONY WHEREOF:**

I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on MAY 1 2 2017.

THOMAS G. BRUTON, CLERK

By: _Yulonda Thomas_
Deputy Clerk

Minute Order Form (06/97)

**United States District Court, Northern District of Illinois**

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 6703 | DATE | July 5, 2001 |
| CASE TITLE | International Insurance Company v. Caja Nacional De Ahorro Y Seguro | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion For Default Judgment and Confirmation of Arbitration Award

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Judgment by Default and for Confirmation of Arbitration Award is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
|   | No notices required. | | number of notices | |
|   | Notices mailed by judge's staff. | | | |
|   | Notified counsel by telephone. | JUL 0 5 2001 | date docketed | 28 |
|   | Docketing to mail notices. | | | |
|   | Mail AO 450 form. | | docketing deputy initials | |
|   | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | date mailed notice | |
| LC/RH | courtroom deputy's initials | 01 JUL -5 PM 5: 50 Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

On March 22, 2001, this Court struck defendant's answer and affirmative defenses for failing to file the post-security bond as required by the Illinois Insurance Code. The Court ordered defendant to post security before filing a new answer and affirmative defenses. Defendant did not file a new answer or affirmative defenses and has appealed the Court's Order to the Seventh Circuit Court of Appeals.

Plaintiff has moved for default judgment based on defendant's failure to file an answer or other affirmative defenses. Defendant argues that default judgment is not proper because it has not willfully failed to comply with the Court's Order. Instead, it has filed a meritorious timely appeal, and posting security would render its appeal moot.

The entry of defaults has become "a common sanction for late filings by defendants, especially in collection suits ... against sophisticated obligors." *See In re State Exchange Fin. Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990). In the present case, defendant admits that it has not filed an answer. In its brief in opposition of default judgment, defendant asks this Court to deny the plaintiff's motion and allow the appeal to go forward without requiring defendant to file an answer until the appeal is finished. In essence, defendant is asking the Court to stay the present litigation due to the pending appeal. However, defendant has not filed a motion and the necessary supersedeas bond to stay the litigation pursuant to Fed. R. Civ. 62(d).

Defendant admits that it has not filed an answer. Defendant does not indicate that it plans to file an answer or the required security for filing such answer. Defendant has not sought to stay the present litigation while the appeal is pending. Accordingly, defendant has willfully failed to answer plaintiff's complaint for confirmation of an arbitration agreement. Plaintiff's Motion for Default Judgment is granted. The October 17, 2000 arbitration award of $4,702,428.12 is confirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY,<br>for itself and as Successor In Interest to International<br>Surplus Lines Insurance Company, The North River<br>Insurance Company, United States Fire Insurance<br>Company and/or Westchester Fire Insurance Company<br>Industrial Indemnity Company, United States Fire<br>Insurance Company of Canada, Toronto, Ontario, and<br>Herald Insurance Company of Canada, Toronto, Ontario,<br><br>Judgment Creditor,<br><br>v.<br><br>CAJA NACIONAL DE AHORRO Y SEGURO,<br><br>Judgment Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 00 C 6703<br>)<br>) Judge Darrah<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTERNATIONAL INSURANCE COMPANY'S PETITION TO REVIVE JUDGMENT**

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, 735 ILCS 5/2-1602, and 735 ILCS 5/13-218, Judgment Creditor, International Insurance Company n/k/a TIG Insurance Company ("IIC"), by and through its attorneys, hereby petitions the Court to revive the judgment entered against Defendant, Caja Nacional de Ahorro y Seguro n/k/a The Republic of Argentina ("Caja"). In support of this motion, IIC states as follows:

1. On July 5, 2001, this Court entered judgment in favor of IIC and against Caja confirming the October, 2000, final arbitration award in favor of IIC and against Caja for $4,702,428.12.

2. As of June 30, 2014, post-judgment interest at the statutory rate of 9% has accrued in the sum of $3,953,865.

3. On December 4, 2002, the Court imposed sanctions against Caja pursuant to Rule 37 for its failure to make a good faith effort to comply with the Citation to Discover Assets in the amount of $2,000 per day.

4. On March 17, 2005, the Court increased sanctions against Caja pursuant to Rule 37 to $4,000 per day.

5. As of June 30, 2014, the sanctions imposed on Caja, at the rate of $2,000 per day from December 4, 2002 through March 16, 2005 and at the rate of $4,000 per day from March 17, 2005 through the present, total $15,234,000.

6. On March 13, 2003, the Court awarded IIC $8,060 in attorney's fees.

7. Accordingly, as of June 30, 2014, the judgment debt Caja owes to IIC is $23,898.354.

8. The entry "of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition." *TDK Electronics Corp. v. Draiman*, 321 F.3d 677, 680 (7th Cir. 2003).

9. The judgment has not been vacated or satisfied. Caja has paid no amount in satisfaction of the judgment and is entitled to no credits.

WHEREFORE, Plaintiff respectfully requests that the judgment entered on July 5, 2001, be revived.

July 1, 2014

/s/ Joseph P. Noonan III
James I Rubin (Attorney I.D. No. 02413191)
Julie Rodriguez Aldort (Attorney I.D. No. 06271412)
Joseph P. Noonan III (Attorney I.D. No. 6278142)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison, Suite 1800
Chicago, Illinois 60602
312-444-9660
*Attorneys for Judgment Creditor
International Insurance Co.
n/k/a TIG Insurance Co.*

517490

CERTIFIED COPY (Rev. 7/2013)

# United States District Court
### Northern District of Illinois
### Eastern Division

I, Thomas G. Bruton, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed documents(s) is (are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF,

I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on JAN 3 2017.

THOMAS G. BRUTON, CLERK

By: /s/ Rakish C. Willa

Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1**
**Eastern Division**

International Insurance Company

                  Plaintiff,

v.                                                    Case No.: 1:00−cv−06703
                                                      Hon. John W. Darrah

Caja Nacional de Ahorro y Seguro

                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, July 11, 2014:

      MINUTE entry before the Honorable Charles R. Norgle as Emergency Judge:International Insurance Company's Petition to Revive Judgment [136] is granted. Motion hearing held on 7/11/2014. Mailed notice(ewf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

CERTIFIED COPY (Rev. 7/2013)

# United States District Court
### Northern District of Illinois
### Eastern Division

I, Thomas G. Bruton, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed documents(s) is (are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF:

I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on MAY 12 2017

THOMAS G. BRUTON, CLERK

By: *Yulonda Thomas*
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 6703 |
| ) | |
| CAJA NACIONAL DE AHORRO Y SEGURO, ) | Judge John W. Darrah |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In October 2000, an arbitration panel awarded Plaintiff, International Insurance Company, an award of $4,702,428.12 against Defendant, Caja Nacional De Ahorro Y Seguro (Caja), an Argentine entity. In its March 26, 2001 Amended Memorandum Opinion and Order, this Court ordered Defendant to post a pre-judgment security and struck Caja's answer to the petition. Caja failed to post a pre-judgment security and failed to answer Plaintiff's petition. Default judgment was issued against Defendant on July 5, 2001. On September 5, 2001, Plaintiff filed a citation to discover assets as a supplementary proceeding for aid in enforcing its judgment against Caja. The citation had a return date of October 2, 2001. Caja did not file a response to the citation and failed to produce witnesses or documents on October 2, 2001. This Court entered a rule to show cause against Caja and set a rule to show cause hearing for October 31, 2001.

On November 27, 2001, the Court quashed the outstanding citation to discover assets. That same day, Plaintiff filed a new citation to discover assets. On June 6, 2002, the Court ordered Caja to comply with Plaintiff's discovery requests by June 20, 2002. Caja failed to comply with the discovery requests; and, on December 4, 2002, the Court awarded Plaintiff sanctions in the amount of $2,000.00 per day for Caja's refusal to respond in good faith with the requested discovery

materials. In July 2003, Caja provided responses to Plaintiff's interrogatories; however, Caja's response to interrogatory #2 was incomplete. At the September 30, 2003 status hearing, Plaintiff noted the deficiencies in Caja's responses. Caja's counsel offered the deposition of Dr. Guillermo Sobral, the current liquidator of Caja, to provide an explanation of the extent of the Ministry of the Economy's knowledge regarding Caja's assets. The Court ordered the parties to confer and prepare a joint status report.

On October 21, 2003, the parties presented their joint status report that Dr. Sobral would be deposed in Argentina "pursuant to U.S. Federal Rules of Civil Procedure" and that Caja's counsel would provide dates for the deposition. The parties requested ninety days to complete the deposition and to translate and analyze the transcript. The Court granted the request and set the next status hearing for January 27, 2004.

Caja failed to comply with the joint status report, and Plaintiff filed a Motion to Compel. In its response to Plaintiff's Motion to Compel, Caja stated that it would amend its answer to interrogatory #2, produce the requested documents, and make Dr. Sobral available for deposition in Buenos Aires pursuant to the Hague Convention of the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). Caja did not dispute Plaintiff's statement that the parties had previously agreed that Dr. Sobral's deposition would be taken as an American-styled, question-and-answer deposition. On February 26, 2004, the Court granted Plaintiff's Motion to Compel, ordering Caja to provide deposition dates for Dr. Sobral.

Subsequently, Caja sought "clarification" of the Court's February 26 Order, contending that Dr. Sobral should be deposed in accordance with the Hague Convention. On March 17, 2004, the Court held that Caja was judicially estopped from changing its position as to the means in which

2

Dr. Sobral's deposition would take place and that the case warranted the application of the Federal Rules of Civil Procedure as opposed to the Hague Convention. Accordingly, Dr. Sobral's deposition was to be conducted pursuant to Federal Rule of Civil Procedure 30.

The Ministry of the Economy, the entity that controls Caja, has failed to produce the documents that are still outstanding or to provide an answer responsive to interrogatory #2. In addition, the Ministry of the Economy has refused to produce Dr. Sobral for his deposition, claiming that the Court did not have authority to order Dr. Sobral's deposition, except via the letter rogatory process.

Plaintiff has moved to increase the sanctions against Caja to $4,000.00 per day as sanction against Caja for its failure to follow the Court's orders. Caja again argues that discovery should proceed via the letter rogatory process as provided by the Hague Convention. In the same argument, Caja seeks reconsideration of the Court's previous orders.

As to Caja's request that the Court reconsider its prior rulings, motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), *quoting Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard

3

during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

In its response brief, Caja repeats essentially the same arguments already addressed by the Court in its previous orders. Accordingly, Caja's request that the Court reconsider its previous orders is denied.

Federal Rule of Civil Procedure 37 provides that a court may impose sanctions on a party or its attorney who fails to comply with a court order. *See* Fed. R. Civ. P. 37; *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984). Sanctions for failing to follow a court order are appropriate as "[j]udicial orders must, unless stayed, be obeyed even when wrong." *Employers Ins. of Wausau v. El Banco De Seguros Del Estado*, 357 F.3d 666, 671-72 (7th Cir. 2004) (affirming district court's sanction of $2,000.00 per day and subsequent increase to $4,000.00 per day for continued noncompliance with court order).

In the instant case, Caja has repeatedly failed to obey the Court's orders. As indicated above, Caja simply repeats its same arguments that have already been rejected by the Court in defense of its continued disobedience of the Court's orders. Accordingly, increased sanctions are awarded.

For the foregoing reasons, Plaintiff's Motion for Increased Sanctions is granted. The *per diem* sanctions of $2,000.00, first imposed on December 4, 2002, are increased to $4,000.00 per day and continue to accrue until Caja complies with this Court's orders.

Dated: March 17, 2005

JOHN W. DARRAH
United States District Judge

5