IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIG INSURANCE COMPANY, as successor )
by merger to International Insurance Company )
and International Surplus Lines Insurance )
Company; )
)
      Plaintiff-Judgment Creditor, )
) Case No. 1:18-mc-00129
)
v. )
)
REPUBLIC OF ARGENTINA as successor to )
Caja Nacional de Ahorro y Seguro; and CAJA )
NACIONAL DE AHORRO Y SEGURO; )
)
      Defendants-Judgment Debtors. )

**TIG INSURANCE COMPANY'S MOTIONS FOR
(1) <u>EMERGENCY</u> RELIEF CONCERNING REAL PROPERTY
ABOUT TO BE SOLD BY THE REPUBLIC OF ARGENTINA;
(2) ATTACHMENT-RELATED RELIEF IN AID OF EXECUTION ON JUDGMENTS;
AND (3) WRIT OF EXECUTION ON JUDGMENTS**

Plaintiff TIG Insurance Company, by and through and its undersigned counsel Mitchell Silberberg & Knupp, and as further set forth in the accompanying Omnibus Memorandum in support of said motions, herewith moves the Court as follows:

(1) EMERGENCY RELIEF REGARDING SALE STATUS OF PROPERTY & PROCEEDS FROM ANY SALE: Pursuant to, without limitation, this Court's inherent authority to order procedural relief, *see* Fed R. Civ. P. 83(b), and D.C. Code Section 16-550, under which "[t]he court may make all orders necessary for the preservation of the property attached," including "order[ing] that the property be sold and its proceeds paid into court and held subject to its order on the final decision of the case," TIG moves that the Court issue an order *forthwith* directing that:

    **A.** for the next 180 days, or until this Court is able to address the instant motions for attachment-related relief and execution on judgments, 2136 R St., NW, Washington, D.C., may not be withdrawn from the auction market;

 **B.** if 2136 R St., NW is sold, the proceeds of any sale shall be paid to the Court Registry Investment System (CRIS), pending final outcome of this enforcement action; and

 **C.** if 2136 R St., NW is not sold within the next 180 days, then an order to show cause should issue for why the Court should not appoint a receiver and force the sale of 2136 R St., NW on terms that are just and proper, with any sale proceeds to be turned over to TIG.

 **(2) ATTACHMENT-RELATED RELIEF IN AID OF EXECUTION:** To safeguard TIG's rights during the pendency of this enforcement proceeding, TIG also requests that the Court issue orders *forthwith* providing for:

 **A.** a writ of attachment on the Republic of Argentina's interest in any future proceeds from the sale of 2136 R St., NW, in an amount not to exceed $33,666,021.17;

 **B.** a writ of attachment issued directly by this Court on the property at 2136 R St., NW; and

 **C.** leave for TIG to file and record the judgments at issue with the Recorder of Deeds of the District of Columbia in order to attach the property at 2136 R St., NW.

 This relief is sought pursuant to, without limitation, D.C. Code Section 16-550 (allowing for "all orders necessary for the preservation of the property"); D.C. Code Section 15-102(a)(1) & (2) (providing that any "final judgment or decree for the payment of money … shall constitute a lien on [the judgment debtor's] freehold and leasehold estates … from the date such judgment … is filed and recorded in the office of the Recorder of Deeds of the District of Columbia"); D.C. Code Section 16-544 ("An attachment may be levied upon the judgment debtor's goods, chattels, and credits."); and D.C. Code Section 16-515 (attachment maybe also be "levied upon money or property of the defendant in the hands of the marshal").

**(3) EXECUTION:** Pursuant to, without limitation, D.C. Code Sections 15-307, 15-311, and 16-532, TIG also requests that the Court issue *forthwith* an order to show cause, directed to the Republic of Argentina, for why the following writs should not issue:

A. a writ of execution (i.e., a writ of *fieri facias*) on the Republic of Argentina's interest in any future proceeds from the sale of 2136 R St., NW, in an amount not to exceed $33,666,021.17; and/or

B. a writ of execution (i.e., a writ of *fieri facias*) on any proceeds, then existing at the time of the writ's issuance, from the sale of 2136 R St., NW, in an amount not to exceed $33,666,021.17.

\* \* \*

The following is stated in support of the Motion:

1. Plaintiff TIG Insurance Company is a successor-in-interest by merger to International Surplus Lines Insurance Company.

2. Beginning in 1979, TIG (through International Surplus Lines Insurance Company) entered into various reinsurance contracts with Caja Nacional de Ahorro y Seguro. Caja Nacional breached the reinsurance contracts.

3. Caja Nacional was created by, and wholly owned by, the Republic of Argentina. In 1994, Caja Nacional was put into liquidation. Caja Nacional was officially dissolved and ceased being a separate juridical entity in 2005, when the liquidation process finished. All of Caja Nacional's assets and liabilities were transferred by decree of the Government of Argentina to the Treasury of Argentina. The Republic of Argentina is accordingly the successor-in-interest to Caja Nacional's debt obligations, including with respect to the judgment debts at issue.

4. In 2000, TIG (through International Surplus Lines Insurance Company) commenced arbitral proceedings, pursuant to arbitration clauses in two of the reinsurance

contracts, and obtained a final arbitral award against Caja Nacional for $4,702,428.12. Following the final arbitral award, TIG sought confirmation of it in the U.S. District Court for the Northern District of Illinois. *See International Insurance Co. v. Caja Nacional de Ahorro y Seguro*, 00 C 6703 (N.D. Ill.). On July 5, 2001, the district court entered a final default judgment against Caja Nacional, confirming the final arbitral award. On July 11, 2014, the district court granted International Insurance Company's petition to revive the judgment (including the default judgment; post-judgment interest; and awards of sanctions) in an amount in excess of $23 million. Today, including post-judgment interest and included sanctions penalties, the judgment-debt-related amount due is $30,163,010.13 (and counting).

5. Along with the filing of these Motions, TIG has properly registered a certified copy of the 2001 judgment from the Northern District of Illinois with this Court, pursuant to 28 U.S.C § 1963, along with certified copies of a 2014 Petition filed by TIG to revive the 2001 Judgment in the Northern District of Illinois as well as the order of the court granting that Petition.

6. In 2016, TIG commenced arbitral proceedings, pursuant to arbitration clauses in the reinsurance contracts described above, and obtained a final arbitral award against the Republic of Argentina as successor-in-interest to Caja Nacional's debt obligations. The final arbitral award was for $2,827,912.20 in overdue balances; $473,320.92 in interest; $32,812.44 representing the Republic's 50% share of the arbitration costs and arbitrator fees; and $125,443.75 in attorneys' fees incurred by TIG in pursuing the arbitration. Following the final arbitral award, TIG sought confirmation of it in the U.S. District Court for the Northern District of Illinois. On January 8, 2018, the district court entered a final judgment against the Republic of Argentina for $3,459,489.31. *See TIG Insurance Co. v. Republic of Argentina*, No. 17-cv-02835 (N.D. Ill.).

7. Concurrently with the filing of these Motions, TIG properly registered a certified copy of the 2018 judgment from the Northern District of Illinois with this Court, pursuant to 28 U.S.C § 1963. Today, including post-judgment interest, the total amount due pursuant to the 2018 default judgment is $3,503,011.04 (and still counting).

8. No payments have been received on the judgments described above, nor are credits due to the Republic of Argentina. The full judgment amount and interest to date – totaling $33,666,021.17 – is therefore outstanding.

9. The relief sought here is consistent with 28 U.S.C. § 1610 of the Foreign Sovereign Immunities Act. The judgment debts at issue are "based on an order confirming an arbitration award," and the property at issue here (2136 R. St., NW) has been listed for sale on the open market and is thus being "used for a commercial purpose" within the meaning of 28 U.S.C. § 1610 of the Foreign Sovereign Immunities Act.

10. For the reasons more fully set forth in the accompanying Omnibus Memorandum and supporting declarations and exhibits submitted concurrently herewith, Plaintiff TIG respectfully requests that the Court issue orders directing the relief sought here.

WHEREFORE, for all of the foregoing reasons Plaintiff respectfully requests that the Court enter the accompanying proposed orders.

DATED: September 25, 2018

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Mark N. Bravin

Mark N. Bravin (D.C. Bar No. 249433)
Gilbert S. Lee (*pro hac vice app. forthcoming*)

Attorneys for TIG Insurance Company